UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-61155-BLOOM
(Case No. 88-cr-06033-BLOOM-6)

JOSE LUIS RUIZ,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER ON MOTION TO VACATE UNDER 28 U.S.C. § 2255

**THIS CAUSE** is before the Court upon Movant Jose Luis Ruiz's *pro se* Motion to Vacate Under 28 U.S.C. § 2255, ECF No. [1], which collaterally attacks the conviction and sentence in his underlying criminal case, Case No. 88-cr-06033-BLOOM.[1] Respondent United States of America filed a Response in Opposition, ECF No. [6], to which Movant filed a Reply, ECF No. [9]. The Court has carefully considered the Motion, the supporting and opposing submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

**I. BACKGROUND**

Movant was charged by Superseding Indictment with two counts of conspiracy to import at least five kilograms of cocaine into the United States and two counts of conspiracy to possess with intent to distribute at least five kilograms of cocaine. *See* CR ECF No. [588] at 2. The Government alleged Movant was a member of the "Harold Treco family," a drug trafficking

---

[1] References to docket entries in Movant's criminal case are denoted with "CR ECF No."

organization based on Andros Island in the Bahamas, which is responsible for importing hundreds of kilograms of cocaine from Colombia into the United States via the Bahamas. *See id.* at 5. Movant, along with several other members of the organization, was arrested by Bahamian authorities for "attempting to take delivery of approximately 527 kilograms of cocaine which were to be subsequently transported into the United States." *Id.* at 11. On June 9, 1989, after being imprisoned for approximately a year-and-a-half at the "Fox Hill Prison" in Nassau, Movant was extradited to the United States to face the charges in the Superseding Indictment. *See generally United States v. Baptista-Rodriguez*, 17 F.3d 1354, 1358-59 (11th Cir. 1994) (recounting factual background).

Movant was granted pretrial release on a $250,000.00 personal surety bond, and a trial commenced on April 22, 1991. *See id.* at 12. On May 3, 1991, Movant "failed to appear at a hearing on continuation of his jury trial" and absconded from the District. *Id.* The jury convicted Movant of all four counts of the Superseding Indictment days later. Movant remained a fugitive until December 5, 2021, when Movant was arrested for a traffic violation in Union City, New Jersey. *See id.* After being returned to the District, the Court set Movant's sentencing hearing for July 13, 2022. After considering the arguments of the parties and the 18 U.S.C. § 3553(a) factors, the Court sentenced Movant to a total prison sentence of 158 months followed by five years of supervised release—a sentence toward the bottom of the applicable sentencing guideline range. *See* CR ECF No. [599]. Movant did not appeal his sentence. Instead, he timely filed the instant § 2255 Motion to Vacate on June 7, 2023, within one year of his judgment of conviction becoming final. *See* ECF No. [1] at 12; *see also* 28 U.S.C. § 2255(f)(1).

## II. LEGAL STANDARD

### A. Section 2255 Motions

Under section 2255, "[a] prisoner in custody under sentence of a court established by Act

of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a) (alterations added). Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under section 2255 are extremely limited. *See United States v. Frady*, 456 U.S. 152, 165 (1982). A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States; (2) exceeded its jurisdiction; (3) exceeded the maximum authorized by law; or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "[R]elief under 28 U.S.C. [section] 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (cleaned up).

### B. Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to assistance of counsel during criminal proceedings. *See Strickland v. Washington*, 466 U.S. 668, 684-85 (1984). When assessing counsel's performance under *Strickland*, the Court employs a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. "[T]he Sixth Amendment does not guarantee the right to perfect counsel; it promises only the right to effective assistance[.]" *Burt v. Titlow*, 571 U.S. 12, 20 (2013). "Where the highly deferential standards mandated by *Strickland* and AEDPA both apply, they combine to produce a doubly deferential form of review that asks only 'whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.'" *Gissendaner v. Seaboldt*, 735 F.3d 1311, 1323 (11th Cir. 2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 105 (2011)).

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both (1) that counsel's performance was deficient; and (2) a reasonable probability that the deficient performance prejudiced the defense. *See Strickland*, 466 U.S. at 687-88; *see also Harrington*, 562 U.S. at 104.

To establish deficient performance, the petitioner must show that, considering all circumstances, "counsel's conduct fell 'outside the wide range of professionally competent assistance.'" *Cummings v. Sec'y for Dep't of Corr.*, 588 F.3d 1331, 1356 (11th Cir. 2009) (quoting *Strickland*, 466 U.S. at 690). Strategic choices made after thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable. *See Strickland*, 466 U.S. at 690-91. The court's review of counsel's performance should focus on "not what is possible or 'what is prudent or appropriate, but only [on] what is constitutionally compelled.'" *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (footnote omitted; quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)). Counsel is not ineffective for failing to raise non-meritorious issues. *See Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001). Nor is counsel required to present every non-frivolous argument. *See Dell v. United States*, 710 F.3d 1267, 1282 (11th Cir. 2013).

Regarding the prejudice component, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* A court need not address both prongs of *Strickland* if the defendant makes an insufficient showing on one of the prongs. *See id.* at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013).

## III. DISCUSSION

### A. Grounds One and Three

Movant contends in Grounds One and Three of the Motion that the Court made two errors during his sentencing hearing. First, in Ground One, Movant argues the Court failed "to consider all mitigating circumstances/evidence," namely, that Movant had "no prior arrest and/or convictions" and that he was "fully employed and lived a law-abiding life up to the date of his arrest" on December 5, 2021. *See* ECF No. [1] at 13. Next, in Ground Three, Movant insists the Court "lacked [a] factual basis under which to sentence the Movant." *Id.* at 14. Movant explains that his sentence could not have been lawfully imposed because the Court relied "upon a partial transcript of the Government's witness." *Id.* Respondent counters that Grounds One and Three are procedurally defaulted since Movant "did not raise these issues on direct appeal." ECF No. [6] at 8. Alternatively, Respondent contends that "Movant's claims fail substantively." *Id.* at 9. Since Grounds One and Three are plainly "due to be denied," the Court need not reach the procedural default issue and instead disposes of those claims on the merits. *Loggins v. Thomas*, 654 F.3d 1204, 1215 (11th Cir. 2011).

As for Ground One, Movant's argument is plainly refuted by the record. Movant says that the Court failed to consider his lack of a criminal record, but the Court expressly recognized that Movant "[had] not been involved in the criminal justice system[.]" ECF No. [11-1] at 28. Nevertheless, the Court was unmoved by this argument because Movant had absconded during his trial and remained a fugitive from justice for thirty years. *See id.* at 27-28. In fact, the Court found Movant's status as a fugitive was the reason he was motivated "not to place yourself in any type of situation." *Id.* at 28. Movant also suggests that the Court should have considered "Movant's Bahamas trial transcripts," but does not explain why those transcripts would be relevant for sentencing purposes. ECF No. [1] at 13. In any event, the Court *did* consider "the time that

5

[Movant] had spent in custody" in the Bahamas and adjusted his sentence accordingly. ECF No. [11-1] at 28. Finally, Movant complains that he was at a "disadvantage since the sentencing judge was not the trial judge." ECF No. [1] at 13. However, the sentencing judge does not need to be the same judge who presided over the trial, and the only reason the presiding judges were different was because Movant voluntarily fled the District and was in hiding for thirty years. *See United States v. Reynolds*, 690 F. App'x 651, 652 (11th Cir. 2017) (citing Fed. R. Crim. P. 25(b)(1)).[2]

Ground Three is also meritless. Movant contends that the Court lacked a "factual basis" to sentence him because it relied on a "partial transcript" that the Court and the Government admitted was "insufficient to sustain an aggravating role enhancement" and could not be authenticated. ECF No. [1] at 14-15. The Court did not rely on this partial transcript when it sentenced Movant. Indeed, as Movant concedes, the transcript was only relevant to prove that Movant was eligible for an enhancement as a "leader/organizer." *See* ECF No. [11-1] at 9-11. Since the Court did not apply the enhancement, it did not consider this "partial" transcript when it imposed Movant's sentence.

In addition, Movant cannot use § 2255 to attack the legality of his sentence unless he identifies a "fundamental defect." *Spencer v. United States*, 773 F.3d 1132, 1139 (11th Cir. 2014) (en banc). A collateral attack on a sentence will fail unless the defendant was sentenced above the statutory maximum, he is "actually innocent of his crime," or "a prior conviction used to enhance his sentence has been vacated[.]" *Id.*; *see also Cameron v. United States*, No. 22-CV-20940, 2023 WL 2475437, at *7 (S.D. Fla. Mar. 13, 2023) (same). Movant was sentenced far below the statutory maximum, his sentence was not enhanced by an invalid prior conviction, and Movant

---

[2] Even if the Court did not discuss the mitigating evidence as much as Movant would like, that does not mean the Court erred. *See United States v. Butler*, 39 F.4th 1349, 1356 (11th Cir. 2022) ("A district court's failure to discuss mitigating evidence does not indicate that the court erroneously 'ignored' or failed to consider the evidence. Rather, a district court's acknowledgement that it has considered the § 3553(a) factors and the parties' arguments is sufficient." (alteration in original; internal quotation marks and citation omitted)).

does not claim that he is "actually innocent" of the charged offenses. § 2255 therefore cannot be used to challenge the legality of Movant's sentence. The Court accordingly denies Grounds One and Three.

### B.  Ground Two

Movant alleges in Ground Two of the Motion that defense counsel was ineffective during his sentencing hearing. Movant identifies three alleged errors made during sentencing: (1) counsel should have "request[ed] an evidentiary hearing" since "all the Court had available to become familiar with Movant's case was the [Presentence Investigation Report] and the Government witness' partial transcript"; (2) counsel should have objected when the Government referred to Movant as a "sophisticated criminal"; and (3) counsel should have objected to the Government's reliance on *United States v. Jordan*, 216 F.3d 1248 (11th Cir. 2000). ECF No. [1] at 14. Respondent asks the Court to deny Ground Two since these are all "frivolous objection[s]" ECF No. [6] at 13. The Court agrees with Respondent.

First, an evidentiary hearing was not required prior to sentencing. As discussed above, it did not consider the partial transcript of the Government's witness. Instead, as it is required to do at every sentencing, the Court properly considered the Presentence Investigation Report, the § 3553(a) factors, and the arguments of counsel. *See* ECF No. [11-1] at 29; *see also Gall v. United States*, 552 U.S. 38, 49-50 (2007) (explaining that, at sentencing, a district court must "calculat[e] the applicable guideline range," give the parties "an opportunity to argue for whatever sentence they deem appropriate," and the "consider all of the § 3553(a) factors").

Movant insists the Government's evidence at sentencing needed to be "put through the adversarial testing process," and that the Presentencing Investigation Report was inherently flawed due to the passage of time. ECF No. [9] at 4. This argument lacks merit. A unanimous jury found Movant guilty beyond a reasonable doubt of each offense alleged in the Superseding Indictment,

7

and the Presentence Investigation Report was based on an earlier Report that was prepared after the trial concluded in 1991. *See* ECF No. [11-1] at 8-9. The Government did not need to "reprove" its case at sentencing—a jury's factual findings at trial are plainly sufficient to support Movant's sentence. *See Blakely v. Washington*, 542 U.S. 296, 306 (2004) ("[T]he judge's authority to sentence derives wholly from the jury's verdict."); *see also United States v. Green*, 981 F.3d 945, 953 (11th Cir. 2020) ("The district court may base factual findings on evidence presented at trial, undisputed statements in the presentence report (PSR), or evidence presented at the sentencing hearing, and it may make reasonable inferences from the evidence."). Although the Court did not have the most robust record when sentencing Movant, Movant's decision to flee and remain hidden for thirty years caused the record to erode over time. Movant cannot complain about the quality of the evidence used at sentencing when he invited this problem by flagrantly disregarding the law and the proceedings by absconding. *See United States v. Brannan*, 562 F.3d 1300, 1306 (11th Cir. 2009).

Second, Movant asserts that counsel should have objected when the Government referred to Movant as a "sophisticated criminal." ECF No. [1] at 14. For starters, the Government never used that phrase during sentencing. *See generally* ECF No. [11-1]. Instead, as Respondent points out, it referred to Movant "a very good mechanic" who played a "key role" in the conspiracy since he was "in charge of a group that were the lancheros, I guess, Spanish for 'the boat people' that were bringing in the cocaine." *Id.* at 19. Furthermore, the Government conceded that Movant was *not* a "leader" or "organizer" of the conspiracy. *Id.* at 10. This was a permissible argument for the Government to make at sentencing. Moreover, Movant has failed to show he was prejudiced by this argument as there is no evidence that he would have received a different sentence had the Government not made this innocuous argument. *See Krecht v. United States*, 846 F. Supp. 2d 1268,

8

1283 (S.D. Fla. 2012) ("Krecht cannot establish prejudice on this claim because he cannot show that he would have received a lower sentence.").

Third, the Government's reliance on *Jordan* was ultimately irrelevant at the sentencing hearing. The Government had only used *Jordan* to argue that it was appropriate for the Court to consider the testimony of Rene De Lamar as evidence of the leadership enhancement over Movant's objections because he had "fled before sentencing." CR ECF No. [592] at 4-5. Moreover, there was no need for counsel to object to a case related to that enhancement because the Government ultimately agreed at sentencing that the leadership/organizer enhancement did not apply. *See* ECF No. [11-1] at 10-11. Because Movant has not shown that any of his proposed objections have merit, defense counsel could not have been ineffective for failing to make them. *See Freeman v. Att'y Gen.*, 536 F.3d 1225, 1233 (11th Cir. 2008). The Court therefore denies Ground Two.

### C. Evidentiary Hearing

The petitioner has the burden to establish the need for an evidentiary hearing in a habeas corpus proceeding. *See Chavez v. Sec'y, Fla. Dep't of Corr.*, 647 F.3d 1057, 1060 (11th Cir. 2011). "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *see also Jones v. Sec'y, Fla. Dep't of Corr.*, 834 F.3d 1299, 1318-19 (11th Cir. 2016). Here, the issues presented can be resolved based on the record. Indeed, because the Court can "adequately assess [Movant's] claim[s] without further factual development[,]" he is not entitled to an evidentiary hearing. *Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003).

Case No. 23-cv-61155-BLOOM

### D. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal and must obtain a certificate of appealability to do so. *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009). Here, Movant fails to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, upon consideration of the record, the Court denies the issuance of a certificate of appealability.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Movant's Motion to Vacate Under 28 U.S.C. § 2255, **ECF No. [1]**, is **DENIED**.

2. A certificate of appealability is **DENIED**. Because there are no issues with arguable merit, an appeal would not be taken in good faith, and Movant is not entitled to appeal *in forma pauperis*.

3. The Court Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 22, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of Record

Jose Luiz Ruiz
34766-004
Allenwood Medium
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 2000
White Dear, PA 17887